```
STATE OF SOUTH DAKOTA    )              IN CIRCUIT COURT
                         ) SS.
COUNTY OF JACKSON        )              SIXTH JUDICIAL CIRCUIT


OTTO BISHOP, and                )
STATE FARM MUTUAL AUTOMOBILE    )
INSURANCE COMPANY,              )       CIV. 13-5062
                                )
       Plaintiffs,              )       FIRST AMENDED COMPLAINT
                                )
   vs.                          )
                                )
GOODYEAR TIRE & RUBBER          )
COMPANY and GOODYEAR DUNLOP     )
TIRES NORTH AMERICA, LTD,       )
                                )
       Defendants.              )
```

COMES NOW, the Plaintiffs in the above entitled matter, by and through their attorney of record, Benjamin L. Kleinjan, of Helsper & Mahlke, P.C., of Brookings, South Dakota, and for its cause of action against the Defendant states as follows:

1.

That the Plaintiff is a mutual insurance company that does business in all 50 states and is authorized to do business in the State of South Dakota. As part of its insurance business, the Plaintiff issued a motor vehicle insurance policy to Lisa and Otto Bishop. The Defendant Goodyear Tire and Rubber Company is a foreign corporation formed under the laws of Ohio with its principal executive office in Akron, Ohio, and registered to do business in South Dakota. Defendant Goodyear Dunlop Tires North America, LTD is a foreign limited liability company formed under the laws of Ohio that does business in South Dakota. The Defendants are collectively referred to as "Goodyear-Dunlop" herein. The subject matter of this litigation concerns a motorcycle accident that occurred in Jackson County, South Dakota.

## FACTS

2.

In 2007, Goodyear-Dunlop manufactured a D402 motorcycle tire. During the assembly and curing process, the tire developed non-fill and excessive flash in the bead area (the part of a rubber tire that seals the tire to the bead seat area of a steel wheel). The

- 1 -

non-fill areas and the excessive flash were not within specifications for tires leaving the plant for sale.

3.

During the post-cure inspection, Goodyear-Dunlop inspectors are to visually inspect 100% of the tires made in the plant. An adequate and thorough inspection would have identified the non-fill and excessive flash, and either the defects in the tire corrected or the tire scrapped. The tire in question, with defective non-fill and excessive flash, was neither corrected nor scrapped, and was instead placed into the stream of commerce in its defective condition.

4.

In 2008, Otto Bishop bought the tire and it was installed on the rear of his Harley-Davidson motorcycle.

5.

On August 1, 2010, Otto Bishop and Lisa Bishop were travelling together on the motorcycle, with Otto Bishop driving, on Interstate 90 in Jackson County, South Dakota. Suddenly and without warning, the defective tire blew out causing the motorcycle to go out of control and crash.

6.

Otto Bishop and Lisa Bishop were thrown from the motorcycle and sustained severe and permanent injury and damage to the motorcycle.

**STRICT LIABILITY**

7.

Paragraphs one to six are incorporated by reference as if fully set forth herein.

8.

Goodyear-Dunlop designed, manufactured and/or sold the subject tire in the ordinary course of their business. The tire appeared to operate normally for many miles, misleading the motorcycle rider into a belief that the tire was of standard and good quality. But a defect in the bead seat area of the tire would, and did, eventually allow excessive leakage of air, leading to a sudden and catastrophic deflation during intended, anticipated and foreseeable circumstances of operation which could, and did, result in a loss

of vehicle control. This defect rendered the tire defective and unreasonably dangerous to the user.

9.

The subject tire was used in a manner reasonably anticipated by Goodyear-Dunlop. The defect existed at the time it left the control of the defendant, and the subject tire was expected to and did reach the plaintiff Otto Bishop without a substantial unforeseeable change in the condition since it left the control of the defendant. At the time of the sudden deflation identified above, the subject tire was in substantially the same condition as when it was designed, manufactured and sold by Goodyear-Dunlop. In other words, other than foreseeable use and wear, the tire had not been used, modified or altered in an unforeseeable manner.

10.

The tire's defective condition directly and proximately caused Otto Bishop to suffer permanent physical and mental injury, pain and suffering, permanent scarring, the loss of enjoyment of life, the accumulation of past medical expenses in the amount of $34,958.12, and the likely accumulation of future medical expenses in an amount to be determined at trial, past lost wages of $2,331.84, as well as damage to the motorcycle totaling approximately $23,849.10, which includes the Plaintiff's insured's deductible of $500.00. Moreover, the tire's defective condition directly and proximately caused the injuries to Lisa Bishop for which she has made claim against Otto Bishop, and for which Otto Bishop seeks recovery.

**STRICT LIABILITY, FAILURE TO WARN**

11.

Paragraphs one to ten are incorporated by reference as if fully set forth herein.

12.

Goodyear-Dunlop did not give an adequate warning of the aforesaid dangers associated with the foreseeable use of the tire and propensities of the tire to the purchaser or anticipated users of the tire.

13.

The failure to adequately warn resulted in a defective and unreasonably dangerous condition that existed at the time the tire left the defendants' control and was expected to and did reach Otto

Bishop without substantial unforeseeable change in condition, which directly and proximately caused Otto Bishop to suffer permanent physical injury, pain and suffering, permanent scarring, the loss of enjoyment of life, the accumulation of past medical expenses in the amount of $34,958.12, and the likely accumulation of future medical expenses in an amount to be determined at trial, past lost wages of $2,331.84, as well as damage to the motorcycle totaling approximately $23,849.10, which includes the Plaintiff's insured's deductible of $500.00. Moreover, the failure to adequately warn directly and proximately caused the injuries to Lisa Bishop for which she has made claim against Otto Bishop, and for which Otto Bishop seeks recovery.

**NEGLIGENCE**

14.

Paragraphs one to thirteen are incorporated by reference as if fully set forth herein.

15.

Goodyear-Dunlop was guilty of acts of omission and commission which, together and separately, constituted negligence, and such acts of negligence, each and all, were a proximate cause of damages to Lisa Bishop.

16.

Defendant Goodyear-Dunlop failed to use ordinary and reasonable care in manufacturing, and Goodyear-Dunlop failed to use ordinary care in inspecting and/or selling the subject tire, and/or to adequately warn of the risk of harm from sudden and catastrophic deflation causing a foreseeable loss of vehicle control resulting in serious personal injury and/or death, and were thereby negligent.

17.

As a direct and proximate result of Goodyear-Dunlop's negligence, Otto Bishop has suffered permanent physical injury, pain and suffering, permanent scarring, the loss of enjoyment of life, the accumulation of past medical expenses in the amount of $34,958.12, and the likely accumulation of future medical expenses in an amount to be determined at trial, past lost wages of $2,331.84, as well as damage to the motorcycle totaling approximately $23,849.10, which includes the Plaintiff's insured's deductible of $500.00. Moreover, Goodyear-Dunlop's negligence directly and proximately caused the injuries to Lisa Bishop for

which she has made claim against Otto Bishop, and for which Otto Bishop seeks recovery.

WHEREFORE, the Plaintiff requests Judgment against the Defendants as follows:
(1)  In the sum of $23,849.10, which includes the Plaintiff's insured's deductible of $500.00;
(2)  For additional compensatory, general, and special damages in an amount to be determined by the jury to compensate Plaintiff Otto Bishop for all injuries he sustained in the motorcycle wreck;
(3)  For contribution for any damages caused to Lisa Bishop;
(4)  For Plaintiffs' costs and disbursements of this action including pre-judgment interest from and after the date of the accident, August 1, 2010 to the date of judgment, and post-judgment interest thereafter; and
(5)  For such other relief deemed just and proper.

Dated this 3rd day of January, 2014.

                              **HELSPER & MAHLKE, P.C.**

By:  /s/Benjamin L. Kleinjan
     Benjamin L. Kleinjan
     415 8th St. South
     Brookings, SD 57006
     Tel:  605-692-7775
     Fax: 605-692-4611
     BLK1@brookings.net

and

**THE EDWARDS LAW FIRM**

William R. Edwards, III
802 N. Carancahua Street, Ste. 1400
Corpus Christi, Texas 78401-0023
Tel: 361-698-7600
Fax: 361-698-7614
bedwards@edwardsfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues as a matter of right in the above matter.

        HELSPER & MAHLKE, P.C.

        /s/Benjamin L Kleinjan
        Benjamin L. Kleinjan

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 3rd day of January, 2014 he served the foregoing electronically via the ECF e-filing system upon:

William R. Edwards, III
THE EDWARDS LAW FIRM
802 N. Carancahua Street, Suite 1400
Corpus Christi, Texas 78401-0023
**Attorneys for Plaintiff Otto Bishop**

Barb Anderson Lewis
Thomas G. Fritz
LYNN, JACKSON, SHULTZ & LEBRUN, PC
P. O. Box 8250
Rapid City, SD  57709-8250
**Attorneys for Defendants Goodyear Tire and Rubber Company and Goodyear Dunlop Tires North America, Ltd.**

Patrick H. Pugh
BALLARD SPAHR LLP
1225 17th St., Suite 2300
Denver, CO 80202
**Attorneys for Defendants Goodyear Tire and Rubber Company and Goodyear Dunlop Tires North America, Ltd.**

        HELSPER & MAHLKE, P.C.

        /s/Benjamin L Kleinjan
        Benjamin L. Kleinjan