UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| OTTO BISHOP; and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) | Civil No. 13-5062 |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | **DEFENDANT GOODYEAR DUNLOP NORTH AMERICA, LTD'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| THE GOODYEAR TIRE AND RUBBER COMPANY; and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., | ) ) ) ) ) | |
| Defendants. | ) | |

Defendant, Goodyear Dunlop North America, Ltd. ("GDTNA"), through undersigned counsel, hereby answers Plaintiffs' First Amended Complaint (the "Complaint") and states as follows:

GDTNA denies each allegation that is not explicitly admitted below.

1. GDTNA admits that it was formed under the laws of Ohio with its principal place of business in Akron, Ohio and that it conducts business in South Dakota. GDTNA further admits that The Goodyear Tire & Rubber Company ("Goodyear") is formed under Ohio law with its principal place of business in Akron, Ohio and is authorized to do business in South Dakota. GDTNA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint, and, therefore, denies same.

## ALLEGED FACTS

2. Neither paragraph 2 nor the Complaint identify the subject tire by DOT number. The tire has not been provided to GDTNA for inspection. GDTNA admits that, in 2007, it

manufactured a line of tires known as D402 for motorcycles. GDTNA denies that any D402 tire it manufactured and sold had defects of any kind. Without inspecting the tire at issue in this case, GDTNA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2, and, therefore, denies same.

3. Neither paragraph 3 nor the Complaint identify the subject tire by DOT number. The tire has not been provided to GDTNA for inspection. GDTNA admits that its policy is to inspect the tires it manufactures before they leave the plan at which they are manufactured. GDTNA denies that any D402 tire it manufactured and sold had defects of any kind. Without inspecting the tire at issue in this case, GDTNA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3, and, therefore, denies same.

4. Without inspecting the tire at issue in this case, GDTNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and, therefore, denies same.

5. GDTNA specifically denies that any D402 tire it manufactured and sold had defects of any kind. GDTNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the remaining Complaint, and, therefore, denies same.

6. GDTNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and, therefore, denies same.

## CLAIM FOR STRICT LIABILITY

7. GDTNA incorporates by reference its responses to paragraphs 1 through 6 as if set forth fully herein.

8. GDTNA denies that any D402 tire it manufactured and sold had defects of any kind. GDTNA further denies that the allegations regarding the bead seat area, even if true, would lead to a sudden deflation during normal and foreseeable operation and denies that a sudden deflation would result in the loss of vehicle control. Without inspecting the tire at issue in this case, GDTNA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint.

9. GDTNA denies that any D402 tire it manufactured and sold had defects of any kind. Without inspecting the tire at issue in this case, GDTNA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint.

10. GDTNA denies that any D402 tire it manufactured and sold had defects of any kind. GDTNA also denies that Plaintiffs are entitled to relief in any sum or manner from GDTNA. GDTNA lacks knowledge or information sufficient to form a belief as to the truth of the injuries or damages alleged in paragraph 10 of the Complaint, and, therefore, denies same.

## **CLAIM FOR STRICT LIABILITY, FAILURE TO WARN**

11. GDTNA incorporates by reference its responses to paragraphs 1 through 10 as if set forth fully herein.

12. GDTNA denies that any D402 tire that it manufactured and sold was dangerous or had any propensity to lead to sudden deflation or had any defect of any kind. GDTNA also denies the allegation of wrongful failure to warn.

13. GDTNA denies that any D402 that it manufactured and sold was unreasonably dangerous or contained a defect of any kind. GDTNA also denies the allegation of wrongful failure to warn. GDTNA further denies that Plaintiffs are entitled to relief in any sum or manner

3

from GDTNA. GDTNA lacks knowledge or information sufficient to form a belief as to the truth of the injuries or damages alleged in paragraph 13 of the Complaint, and, therefore, denies same.

## CLAIM FOR NEGLIGENCE

14. GDTNA incorporates by reference its responses to paragraphs 1 through 13 as if set forth fully herein.

15. GDTNA denies the allegations of paragraphs 15 and 16.

16. GDTNA denies the allegations of paragraph 17. GDTNA specifically denies that Plaintiffs are entitled to relief in any sum or manner from Goodyear. GDTNA lacks knowledge or information sufficient to form a belief as to the truth of the injuries or damages alleged in paragraph 17 of the Complaint, and, therefore, denies same.

In response to Plaintiffs' "WHEREFORE" paragraph, GDTNA denies that Plaintiffs are entitled to relief in any sum or manner from GDTNA.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs may not be the real parties in interest to assert all or part of the claims asserted by Plaintiffs against Goodyear and, as a result, Plaintiffs may lack standing.

### SECOND AFFIRMATIVE DEFENSE

Insofar as the tire at issue in this case was misused, abused, and/or Plaintiffs and/or individuals or entities other than GDTNA failed to properly maintain or care for the tire, Plaintiffs are not entitled to the requested relief.

## THIRD AFFIRMATIVE DEFENSE

Insofar as the tire at issue was altered, modified, or changed by individuals and/or entities other than GDTNA, Plaintiffs are not entitled to the requested relief.

## FOURTH AFFIRMATIVE DEFENSE

Insofar as Plaintiffs and/or individuals or entities other than GDTNA failed to follow product instructions, warnings or normal maintenance practices for tires, Plaintiffs are not entitled to the requested relief.

## FIFTH AFFIRMATIVE DEFENSE

Insofar as the incident at issue in this action was proximately caused by individuals and/or entities not under the control of Goodyear, Plaintiffs are not entitled to the requested relief.

## SIXTH AFFIRMATIVE DEFENSE

Insofar as the tire at issue in this case was state of the art at the time of its manufacture, Plaintiffs are not entitled to the requested relief.

## SEVENTH AFFIRMATIVE DEFENSE

Insofar as any hazard at issue in this case was open and obvious or was known to Plaintiffs and/or individuals or entities other than GDTNA or to the extent that Plaintiffs and/or individuals or entities other than GDTNA failed to observe any safety standards or applicable laws, including but not limited to speed control laws, Plaintiffs are not entitled to the requested relief.

## EIGHTH AFFIRMATIVE DEFENSE

Insofar as the tire at issue in this case was manufactured, marketed, and sold in accordance with the applicable laws, regulations, and industry standards, Plaintiffs are not entitled to the requested relief.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred or limited, in whole or in part, by the doctrine of spoliation of the evidence.

**TENTH AFFIRMATIVE DEFENSE**

Insofar as Plaintiffs failed to mitigate their damages, Plaintiffs are not entitled to the requested relief.

**ELEVENTH AFFIRMATIVE DEFENSE**

Insofar as there was any intervening and/or superseding cause, Plaintiffs are not entitled to the requested relief.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or reduced due to the degree or percentage of negligence or fault attributable to Plaintiffs or others.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part due to GDTNA's right of contribution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred in whole or in part due to any limitations of liability and/or warranties that may apply to the tire at issue.

**FIFTEENTH AFFIRMATIVE DEFENSE**

GDTNA asserts all defenses available pursuant to any statute governing Plaintiffs' claims.

## RESERVATION OF RIGHTS

GDTNA reserves the right to request leave of the Court to amend this Answer, if necessary, at a later date to assert other defenses which may be disclosed as discovery, disclosures and investigations are completed.

**WHEREFORE**, GDTNA prays for judgment as follows:

1. Plaintiffs take nothing by virtue of the Complaint, and that the Complaint be dismissed with prejudice in its entirety;

2. For attorneys' fees and costs of suit; and

3. For such other and further relief as this Court finds just and proper.

## TRIAL BY JURY IS HEREBY DEMANDED

DATED this 23rd of January 2014.

    LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

By: /s/ *Thomas G. Fritz*
    Thomas G. Fritz
    PO Box 8250
    Rapid City, SD 57709-8250
    tfritz@lynnjackson.com
    605-342-2592

BALLARD SPAHR LLP
    Patrick H. Pugh
    *Admitted pro hac vice*
    1225 17th Street, Suite 2300
    Denver, CO 80202
    pughp@ballardspahr.com
    303-292-2400

*Attorneys for Defendant Goodyear Dunlop Tires North America, LTD.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2014, I sent to:

Mr. Benjamin L. Kleinjan
Helsper and Mahlke, P.C.
415 8th Street South
Brookings, SD 57006
blk1@brookings.net

Mr. William R. Edwards III
The Edwards Law Firm
802 N. Carancahua Street
Suite 1400
Corpus Christi, TX 78401
bedwards@edwardsfirm.com

by first class mail, postage prepaid, a true and correct copy of the **Defendant Goodyear Dunlop North America, Ltd.'s Answer to Plaintiffs' First Amended Complaint** in the above-entitled matter.

>	/s/ *Thomas G. Fritz*
>	Thomas G. Fritz