UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| OTTO BISHOP, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>     Plaintiffs,<br><br>vs.<br><br>THE GOODYEAR TIRE AND RUBBER COMPANY, GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD,<br><br>     Defendants. | 5:13-CV-05062-JLV<br><br>ORDER DETERMINING SUBSTANATIVE LAW |

**INTRODUCTION**

Otto Bishop and his wife were driving on their motorcycle from their home in Wisconsin through South Dakota. On their way through South Dakota, the tire became disabled and Mr. and Mrs. Bishop were injured. State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") paid the property damage on the motorcycle and seeks repayment from Goodyear Tire and Rubber Company and Goodyear Dunlop Tires North America, LTD (hereinafter "Defendants"). Plaintiffs filed suit alleging product liability, failure to warn, and negligence.[1] The Defendants allege, amongst other things, that Mr. Bishop failed to properly maintain the tire and misused and abused the tire by failing to maintain proper air pressure and repeatedly operating the

---

[1] The lawsuit was originally filed in circuit court in Jackson County, South Dakota, but was removed to federal court on diversity grounds.

motorcycle in excess of the maximum load for the motorcycle and the tire. (Doc. 74 at p. 3).

The defendants filed this motion to determine the applicable substantive law.  Defendants believe that Wisconsin law should apply to substantive questions in this case.  The plaintiffs disagree.  For the following reasons, the court finds the applicable substantive law is South Dakota law.

## DISCUSSION

### I. Whether the Motion is Untimely

First, plaintiffs assert that the motion to determine substantive law should be denied as untimely because it should have been filed and served on or before January 12, 2015.  (Doc. 75 at p. 1).  In support of this argument, plaintiffs cite to the District Court's scheduling order that states "[a]ll motions, other than motions in limine, together with supporting briefs, shall be filed and served on or before January 12, 2015."  (Doc. 38) (order extending previously set deadlines).  Defendants respond that their motion is timely because it was filed more than three months before trial and choice of law had not been presented by either party.  (Doc. 80 at p. 1).  Defendants argue that it is beneficial for all parties to know which substantive law governs in order to prepare jury instructions.  Moreover, Defendants argue motions to determine applicable substantive law of the case may be brought at any time before or during trial as long as the opposing party does not suffer prejudice.  In support of this, Defendants cite to a case from the Court of Appeals for the First Circuit, Levin v. Dalva Brothers, Inc, 459 F.3d 68 (1st Cir. 2006).

The court will not dismiss the motion on this ground.  The plaintiff submitted no evidence to show that it was somehow prejudiced by this motion.  Defendants filed this motion before trial and, while it could have been filed earlier, Plaintiff did not contend that Defendants intentionally waited to raise this issue to gain some sort of unfair advantage.  The Plaintiff has not suffered any prejudice.  Furthermore, such a motion would eventually arise during the course of trial and the court believes it an efficient use of time to resolve the issue at this juncture.

**II.     Whether the Defendants Waived Statutory Defenses**

Plaintiffs argue the Defendants waived the ability to raise statutory defenses because Federal Rule of Civil Procedure 8(c) required Defendants to raise such defenses in their answers.  (Doc. 75 at p. 7).  Defendants argue they did not waive the right to a choice of law determination because their answers sufficiently identified all affirmative defenses they now seek to assert.  (Doc. 80 at p. 3-4).

Federal Rule of Civil Procedure 8(b)(1)(A) requires a "short and plain" statement of the party's "defenses to each claim asserted against it."  Federal Rule of Civil Procedure 8(c) requires that a party affirmatively state any affirmative defense.  Both Defendants stated in their respective answers that they were asserting all available defenses pursuant to any statute governing plaintiff's claims.  (Doc. 33 at p. 6; Doc. 34 at p. 6).  Thus, Defendants have not waived statutory defenses.

### III. The Defendants Have Shown a Meaningful Conflict of Law Exists

Plaintiffs argue the defendants failed to show a conflict in the laws that is meaningful and would change the outcome of the case. (Doc. 75 at p. 2). Defendant argues that it has shown a conflict of law exists, but it does not argue such a difference in the law would change the outcome of the case at bar. (Doc. 80 at p. 2-3).

"A district court sitting in diversity applies the law including the choice-of-law rules, of the state in which it sits." Prudential Ins. Co. of America v. Kamrath, 475 F.3d 920, 924 (8th Cir. 2007) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). "Before applying the forum state's choice-of-law rules, however, a trial court must first determine whether a conflict exists. Kamrath, 475 F.3d at 924 (other citations omitted).

"In determining whether a conflict exists, the court must ascertain which state's law may apply." General Cas. Co. of Wisconsin v. Nelson Engineering Consulting, LLC, 91 F.Supp.3d 1168 (D.S.D. 2015) (determined the states in which the parties were located in and acts took place). If the outcome would be the same regardless of the law applied, then the court should use the law of the state in which it sits. See Id. at 1172-73 (none of the potential state laws would change the outcome of the case, thus the court applied South Dakota law); Kamrath, 475 F.3d at 924 (need not decide whether Missouri law or New York law applies because the outcome would be the same under either).

Though the parties only address South Dakota and Wisconsin law, it is up to the court to consider all states that may apply. See General Cas. Co. of

Wisconsin, 91 F.Supp.3d. at 1172 (where the court considered the applicability of Iowa law to contract claim where the parties only considered South Dakota and Wisconsin, but the contract was prepared in Iowa).  The states at issue are Ohio, New York, South Dakota and Wisconsin.

At minimum, the court finds the defendants have shown a meaningful choice of law exists between South Dakota and Wisconsin.  Defendants presented a difference in Wisconsin's and South Dakota's comparative negligence laws (compare Wis Stat § 895.045(3) and SDCL § 20-9-2) and a Wisconsin presumption that a product is not defective if the party demonstrates compliance with government standards (compare Wis. Stat. § 895.047(3) and SDCL §§ 20-9-9, 20-9-10, and 20-9-10.1).  This is a presumption that South Dakota does not have.  Though the Plaintiffs dispute how meaningful these differences are, they concede the differences exist.  The court finds these differences are meaningful in that they go to Defendants' defenses and have the potential to change the outcome of the case.  Thus, a choice of law analysis is necessary.

### IV.   South Dakota's Law Applies Because South Dakota has the Most Significant Contacts

"In a choice-of-law analysis for a diversity action brought in federal district court, the choice-of-law rules are substantive for Erie purposes, and the choice-of-law rules of the forum state are applied to determine the litigating parties' rights."  Delaney v. Rapid Response, Inc., 81 F.Supp.3d 769, 773 (D.S.D. 2015) (internal quotations omitted) (citing Allianz Ins. Co. v. Sanftleben,

454 F.3d 853, 855 (8th Cir. 2006)).  Therefore, the court will apply South Dakota's choice-of-law rules.

Since Chambers v. Dakotah Charter, Inc., 488 N.W.2d 63, 67 (S.D. 1992), South Dakota has used the "most significant relationship approach to govern multi-state tort conflicts." Delaney, 81 F.Supp.3d at 773.  The most significant relationship approach as defined by the Restatement (Second) of Conflicts of Laws provides as follows:

> (1) [t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6
>
>  (2) The contacts to take into account in applying the [principles of § 6 of the Restatement] include:
>
>> (a) the place where the injury occurred,
>>
>> (b) the place where the conduct causing the injury occurred,
>>
>> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>>
>> (d) the place where the relationship, if any, between the parties is centered."

Chambers, 488 N.W.2d at 68 (citing Restatement (Second) of Conflict of Laws § 145 (1971)). Section 6 of the Restatement (Second) Conflict of Laws provides choice-of-law principles to be considered in the choice of law analysis:

(1)  A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2)  When there is no such directive, the factors relevant to the choice of the applicable rule of law include the needs of the interstate and international systems,

(a) the relevant policies of the forum,

(b) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(c) the protection of justified expectations,

(d) the basic policies underlying the particular field of law,

(e) certainty, predictability and uniformity of result, and

(f) ease in the determination and application of the law to be applied.

Chambers, 488 N.W.2d at 68 (citing Restatement (Second) of Conflict of Laws § 6 (1971)).

### A. Most significant relationship factors

#### 1. The place where the injury occurred.

The accident occurred on Interstate 90 in Jackson County, South Dakota. The purpose of Mr. Bishop's travel into South Dakota was a week long motorcycle trip. Mr. Bishop had planned a trip through South Dakota to experience the Sturgis Motorcycle Rally on his way to Wyoming. On the day of the accident, Mr. Bishop had three stops in South Dakota, including an unexpected stop, when the digital speedometer on his motorcycle lost power and went black. After a 30 minute wait, Mr. Bishop continued down the

interstate and, thereafter, the motorcycle went out of control resulting in an injury producing crash.  Mr. Bishop was transported to Rapid City Regional Hospital.

The Restatement commentary cautions that if the place of the injury is merely fortuitous, in that it bears little relation to the occurrence and the parties, then the court should discount the place where the injury occurred.  For example, if a plaintiff is injured while passing over a state while onboard an airplane, or while on an interstate journey on a bus passing through, it would constitute a fortuitous location.  This is distinguishable from the facts here.  Mr. Bishop planned to spend a night or two at a hotel between Rapid City and Sturgis and planned to take in the Sturgis Motorcycle Rally.  Additionally, the accident's location was not fortuitous because Mr. Bishop's treatment of the tire during his trip and leading up to the accident is significant.  The Defendants have alleged contributory negligence including Mr. Bishop's failure "to observe safety standards or applicable law, including speed control laws." (Doc. 34 at p. 5).  Presumably, the speed control laws relied upon by the defendants are South Dakota's codified laws.  Mr. Bishop's conduct and the performance of the tire in the hours leading up to the accident occurred in South Dakota.

Additionally, the witnesses, medical personnel, investigators and others who saw, responded to, or who otherwise attended to the accident and the aftermath are located in South Dakota.  Despite Defendants' claim that the loss occurred in Wisconsin, the court finds the loss occurred in South Dakota when

the accident took place.  Moreover, South Dakota has an interest in applying its comparative negligence law to people who drive through the state. These factors all weigh heavily in favor of applying South Dakota law.

### 2. The place where the conduct causing the injury occurred

Plaintiffs claim the conduct causing the injury that occurred is "the result of manufacturing issues that did not happen in either South Dakota or Wisconsin." (Doc. 75 at p. 9).  According to Plaintiffs, the tires were manufactured in New York.  (Doc. 75 at p. 5).  Quality control and inspections on the tire were conducted in New York.  The sale of the tire to a distributor took place in New York.  Thus, the conduct causing the injury, if that injury is the result of manufacturing issues, would have been in New York.  Defendants argue the place where the conduct causing the injury is Wisconsin.  The tire was purchased, installed, stored, maintained, and allegedly misused in Wisconsin.  (Doc. 80 at p. 5).  Either the tire was defective when it left New York, or the tire was misused in Wisconsin *and* in South Dakota.  Thus, the states have equal ties to the accident, and this factor does not favor any state.

### 3. The domicile, residence, nationality, place of incorporation and place of business of the parties.

As to the residence, place of incorporation and place of business of the parties, the court finds this factor is not in favor of any party.  Otto Bishop and his wife, at all relevant times, were residents of Wisconsin.  Goodyear Dunlop Tires North America, Ltd. was formed under the laws of Ohio, its principal place of business is Ohio, and it conducts business in South Dakota, Wisconsin, and New York.  The same is true for The Goodyear Tire and Rubber

Company.  State Farm is an insurance company that does business in all fifty states.  Otto Bishop purchased the tire in question at Appleton Harley Davidson, in Appleton Wisconsin.  However, Appleton Harley Davidson is not a defendant in this lawsuit.  Therefore, the court finds that the domicile or place of business of the parties does not favor any state over another.

### 4. The place where the relationship, if any, between the parties is centered.

The place where the relationship is centered is also inconclusive.  The parties would not have a relationship except for the accident, which occurred in South Dakota.  The relationship between the parties arises from the use and failure of the tire.  The tire was used in both Wisconsin and South Dakota.  The Defendants argue the Plaintiff's most prolonged misuse of the tire occurred in Wisconsin.  The alleged tire failure occurred in South Dakota.  The relationship between Appleton Harley Davidson and Bishop is irrelevant, because Appleton Harley Davidson has not been named a party to the action.   Therefore, this factor does not weigh in favor any particular state.

## CONCLUSION

In applying the most significant relationship approach, the court concludes the Plaintiff's product liability and negligence case against the Defendant has the most significant relationship with South Dakota, given that the immediate conduct leading up to the accident, as well as the accident, occurred in South Dakota.  The other contacts to be considered under § 145 of the Restatement do not heavily favor Wisconsin, New York or Ohio over South Dakota.  When evaluating all four factors of § 145 and the policy

considerations of § 6, the relative importance with respect to the product liability and negligence issues to be resolved in this case weighs heavily in favor of applying South Dakota law. Therefore, the court concludes that South Dakota law should govern the substantive claims and defenses in this case.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 6th day of April, 2016.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge