# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# WESTERN DIVISION

| | | |
|---|---|---|
| OTTO BISHOP; and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | Civil No. 13-5062 |
| Plaintiffs, | ) ) | **SUMITOMO RUBBER USA, LLC AND THE GOODYEAR TIRE & RUBBER COMPANY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER ACCIDENTS, BRIEF IN SUPPORT, AND REQUEST FOR ORAL ARGUMENT** |
| vs. | ) ) ) | |
| THE GOODYEAR TIRE AND RUBBER COMPANY; and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., | ) ) ) ) | |
| Defendants. | ) | |

Sumitomo Rubber USA, LLC, f/k/a Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company (collectively hereinafter "GDTNA"), by their attorneys, respectfully submit their Motion in Limine to Exclude Evidence of Other Accidents pursuant to Civil Local Rule 7.1(C) of the District of South Dakota and the Order Setting Dates for Pretrial Conference and Jury Trial, dated November 9, 2015.

GDTNA respectfully requests that this Court enter an order precluding Plaintiffs from attempting to introduce evidence relating to other accidents, including exclusion of any reference or innuendo to other accidents by way of question, testimony, or argument of Plaintiffs, their witnesses and attorneys, during any stage of trial, including opening statements and closing arguments.

The Court should exclude this evidence on three independent grounds. First, unless Plaintiffs establish substantial similarity between the other accidents and the accident at issue here, which they have not done and cannot do, the evidence is inadmissible under Rules 401 and 402. Second, even if marginally relevant, this evidence should be excluded under Rule 403

because its probative value is substantially outweighed by the dangers of unfair prejudice and confusion of the issues. Third, the evidence should further be excluded because it is a waste of judicial time and resources – especially in light of the risk of numerous "mini-trials" during the course of the trial concerning each unrelated accident. Accordingly, this Court should exclude all evidence of other accidents and any claims or lawsuits arising therefrom.

This Motion is based upon the law and argument presented in GDTNA's Brief in Support herein and the Declaration of Edward S. Bott attached hereto, upon GDTNA's Request for Oral Argument herein, upon all pleadings and papers on file in this case, and upon such other and further oral argument and evidence presented at a hearing.

In support of this Motion, GDTNA states as follows:

## FACTUAL & PROCEDURAL BACKGROUND

This case arises out of a single vehicle accident occurring on August 1, 2010 on Interstate 90 outside of Rapid City, South Dakota. (Doc. 31, ¶ 5 (Am. Compl.)) On that date Otto Bishop was operating his Harley-Davidson motorcycle on a week-long vacation trip from Plover, Wisconsin to Wyoming, with a planned stop in Sturgis, South Dakota. (Declaration of E. Bott, ¶ 4, Exhibit C, Dep. Tr. of Lisa Bishop, 41:5-19.) Mr. Bishop's wife, Lisa Bishop, was a passenger on the motorcycle. (*Id.*) Over 600 miles into the trip, as they were traveling westbound on Interstate 90, the rear tire experienced a disablement and Mr. Bishop lost control, resulting in a crash. (*Id.,* Exhibit C, Dep. Tr. of Lisa Bishop, at 61:21-63:5.) The tire at issue in this case is a MU85B16 D402 motorcycle tire manufactured by GDTNA at its plant in Buffalo, New York during the 31st week of 2007. (*Id.,* at ¶ 2, Exhibit A, Report of William Woehrle, at p. 3).

Mr. Bishop had insurance coverage for the accident through State Farm. On or about July 22, 2013, Mr. Bishop and State Farm filed this lawsuit in Jackson County Circuit Court, South Dakota, asserting claims for strict product liability, failure to warn, and negligence. (*See* Doc. 31 (Am. Compl.)) GDTNA subsequently removed the lawsuit to this Court on diversity grounds. (Doc. 1.) Plaintiffs allege that the tire at issue contained a manufacturing defect that caused the tire to lose air pressure, which then caused the tire to operate in an over deflected condition resulting in the tire disablement. (Doc. 31 (Am. Compl.), ¶¶ 2-3, 8.)

Plaintiffs' expert on tire issues is William Woehrle. Mr. Woehrle maintains that toe ring flash on the subject tire was a manufacturing defect, and that this unreasonably dangerous bead condition caused a severe drop in air pressure that resulted in a blow out of any of the tire's remaining pressure. Plaintiffs' expert has referenced prior accidents involving motorcycle tires manufactured by GDTNA at the Buffalo plant. (Declaration of E. Bott, ¶¶ 2-3, Exhibit A, Report of William Woehrle, at pp. 12-15, Exhibit B, Dep. Tr. of W. Woehlre, at 175:23-177:11.)

The court should exclude all testimony concerning other prior accidents, as Plaintiffs have not demonstrated that those other accidents occurred under substantially similar conditions.

**ARGUMENT**

I. **Prior Accident Evidence Should Be Barred, As This Evidence Is Irrelevant, Prejudicial, and A Waste of Judicial Resources.**

Plaintiffs may attempt to introduce evidence of other accidents for the purpose of showing that, because other accidents or lawsuits exist, the subject tire is defective. This evidence may be offered by way of testimony from Plaintiffs' experts, through testimony of GDTNA witnesses, and through documents and other evidence disclosed during the discovery process or obtained through other sources. This evidence should be excluded for three separate

and independent reasons: the evidence is irrelevant, it is unduly prejudicial, and it is a waste of judicial time and resources.

### A. Evidence of Other Accidents Must Be Excluded As Irrelevant Because Plaintiffs Have Not Shown Substantial Similarity Between Other Prior Accidents And The Accident At Issue In This Proceeding.

Pursuant to Federal Rule of Evidence 402, only relevant evidence is admissible. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

In order for evidence of other accidents to be admissible, courts require the proponent of the evidence to prove the facts and circumstances of the other accident are "substantially similar" to the case at bar. *Lovett ex rel. Lovett v. Union Pac. R. Co.*, 201 F.3d 1074, 1081 (8th Cir. 2000) (affirming district court's exclusion of evidence of four incidents involving Jeep Cherokees); *N. Star Mut. Ins. Co. v. CNH Am. LLC*, No. CIV. 11-4133-KES, 2014 WL 897023, at *1 (D.S.D. Mar. 6, 2014) (granting motion in limine to exclude evidence of prior accidents because plaintiff did not provide the court with evidence that the facts and circumstances were substantially similar). For evidence to be "substantially similar" and therefore probative, the evidence must be of an accident of like character, occurring under substantially the same conditions, and it must be one resulting from the same cause. *See, e.g., First Sec. Bank v. Union Pac. R.R. Co.,* 152 F.3d 877, 880 (8th Cir. 1998) (excluding three other automobile vs. train collisions because two accidents involved vehicles traveling westward rather than eastward, one involved driver traveling in different sunlight, and the third accident was allegedly due to malfunction of warning lights); *Novak v. Navistar Int'l Transp. Corp.*, 46 F.3d 844, 851 (8th Cir. 1995) (affirming trial court's exclusion of facts from other accident which plaintiff alleged was

caused by same product defect in suit against tractor manufacturer because plaintiff did not establish it was a similar accident); *Winningham v. Swift Transp. Co*., No. 06-0568-CVW-FJG, 2007 WL 2245888, at *3 (W.D. Mo. Aug. 2, 2007) (provisionally granting motion in limine where proponent of other accident did not provide evidence pertaining to the circumstances of the other accidents).

Here, Plaintiffs have not met their burden to demonstrate substantial similarity. Plaintiffs' expert concedes he is not able to offer any specific evidence that the prior incidents are substantially similar to the incident here. In his report, Mr. Woerhle provides a list of 14 accidents he purports involve defective tires manufactured by GDTNA. (Declaration of E. Bott, Exhibit A, at pp. 12-15.) The report does not provide any support for his proposition that "[t]his case is but one in an alarming array of incidents" involving GDTNA tires. (*See id.*) Instead, Mr. Woehrle simply provides his unsubstantiated opinion that "[t]he only reasonable explanation for the failure was a severe drop in pressure caused by a defective bead" for 13 of the 14 alleged similar incidents listed.[1] (*Id.*) The report and Mr. Woehrle's testimony at his deposition reflect that several of these accidents involve tires of a different size and brand, and each accident occurred outside of South Dakota. (*Id.;* Exhibit B, at 175:23-177:11.) Mr. Woerhle did not provide any information on how the tires in the other cases were maintained, on the specific defects in those cases, on how those tires were manufactured, on the conditions of the manufacture, or on the conditions at the accident site, among other critical items. Plaintiffs have provided no information regarding the in-service date of tires in other cases, the maintenance history of the tires, the weather conditions under which the motorcycle and tires were operated,

---

[1] For the remaining incident listed, Mr. Woehrle concedes that his opinion is that the allegedly defective bead was only a contributing factor rather than "the only reasonable explanation" for the incident. (*Id.*)

whether the tires were used in a single rider or tandem situation and, if so, how frequently were they so used, how the motorcycle and tires were stored, the circumstances of the accidents in other cases, the conditions of the beads to the tires, the inflation pressures involved, the load experienced, the condition of the treads, any potential evidence of impact, puncture, or misuse, or evidence of other causes of the tire failure or the accident. In the end, to admit evidence of other accidents, a plaintiff must come forward with proof that other occurrences took place under circumstances that were substantially similar to the occurrence here. Plaintiffs have not met this burden, and this evidence should be excluded.

**B. Evidence of Other Accidents Should Also Be Excluded As Unduly Prejudicial And A Waste of Judicial Resources.**

Plaintiffs have not shown a substantial similarity between other accidents and the accident at issue in this case, and thus other accident evidence is inadmissible on its face. However, even if other accident evidence was somehow marginally relevant, it should also be excluded because its "probative value is substantially outweighed by a danger of… unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Eighth Circuit has explained that even if there are similarities between other accidents and the accident at issue, admission of other accidents "threatens to raise extraneous controversial issues, confuse the issues, and be more prejudicial than probative." *Lovett ex rel. Lovett v. Union Pac. R. Co.*, 201 F.3d 1074, 1081 (8th Cir. 2000); *see also Crump v. Versa Products, Inc.*, 400 F.3d 1104, 1109 (8th Cir. 2005) (affirming exclusion of 44 other incidents involving the allegedly defective ladder because they occurred after the date of the incident at issue or with the ladder in a different position); *Nelson v. Ford Motor Co.*, 150 F.3d 905, 908 (8th Cir. 1998) (affirming district court's exclusion of

testimony regarding two other incidents of vehicles' scissor jack failures because probative value would have been outweighed by prejudicial impact).

Here, the evidence would be far more prejudicial than probative. The risk of unfair prejudice is significant because admission of other accident evidence would thrust upon GDTNA the burden of defending itself not only against the specific allegations related to the tire at issue, but also against the vague, incomplete, and unreliable hearsay allegations concerning other accidents. Because the tires from other accidents may no longer be available and the persons involved were not identified or cannot be located, GDTNA would be denied the opportunity to develop critical evidence to refute plaintiffs' claims. In the end, admission of other evidence would leave the jury with sketchy, unreliable evidence of other accidents that GDTNA would be unable to rebut. This is a clear source of unfair prejudice, and thus the evidence should be excluded.

Evidence of other accidents should also be excluded as a waste of judicial time and resources and a potential source of jury confusion, as other accident evidence would involve a dive into collateral matters separate and apart from the merits of this case. *See Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 508 (8th Cir. 1993) (citing *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1108 (8th Cir. 1988)) (reversing and remanding for new trial where trial court denied motion in limine to exclude evidence of other injuries occurring through use of product because despite trial court's cautionary instruction to jury regarding other incidents, the evidence had "a considerable unfair prejudicial effect on the jury"). In other words, an examination of other accidents in this case would lead to numerous "mini-trials" during this trial, involving an examination of the causes of other accidents, the manufacture of tires in other accidents, the conditions of other accidents, the witnesses and injuries in other accidents, and so on – all to

evaluate the merits of matters that have nothing to do with the accident at issue in this case. This would require testimony from multiple witnesses both within and outside GDTNA. This is a waste of judicial resources and a source of jury confusion, and this evidence should be excluded.

## CONCLUSION

For the foregoing reasons, GDTNA requests that this Court enter an order precluding Plaintiffs from attempting to introduce evidence relating to other accidents, including exclusion of any reference or innuendo to other accidents by way of question, testimony, or argument of Plaintiffs, their witnesses and attorneys, during any stage of trial, including opening statements and closing arguments.

## REQUEST FOR ORAL ARGUMENT

**PLEASE TAKE NOTICE** that pursuant to Civil Local Rule 7.1(C) of the District of South Dakota, Sumitomo Rubber USA, LLC, f/k/a Goodyear Dunlop Tires North America, Ltd. and The Goodyear Tire and Rubber Company hereby request oral argument on this Motion before the Honorable Jeffrey L. Viken, in Courtroom 1 of the Andrew W. Bogue United States Courthouse, on May 10, 2016, at 9:00 A.M., or as soon thereafter as counsel may be heard.

Dated this 15th day of April, 2016

                LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

                By: */s/ Barbara Anderson Lewis*
                    Barbara Anderson Lewis
                    PO Box 8250
                    Rapid City, SD 57709-8250
                    blewis@lynnjackson.com
                    605-342-2592


                GREENSFELDER, HEMKER & GALE, P.C.
                    Edward S. Bott, Jr. *admitted pro hac vice*
                    10 South Broadway, Suite 2000
                    St. Louis, MO 63102
                    esb@greensfelder.com
                    314-241-9090


                BALLARD SPAHR LLP
                    Roger P. Thomasch, *admitted pro hac vice*
                    Patrick H. Pugh, *admitted pro hac vice*
                    1225 17th Street, Suite 2300
                    Denver, CO 80202
                    thomasch@ballardspahr.com
                    pughp@ballardspahr.com
                    303-292-2400


              ***Attorneys for Defendants***

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April 2016, I sent by Notice of Electronic Filing generated by the CM/ECF system to:

Mr. Benjamin L. Kleinjan
Helsper and Mahlke, P.C.
415 8th Street South
Brookings, SD 57006
blk1@brookings.net

Mr. William R. Edwards III
The Edwards Law Firm
802 N. Carancahua Street
Suite 1400
Corpus Christi, TX 78401
bedwards@edwardsfirm.com

a true and correct copy of **SUMITOMO RUBBER USA, LLC AND THE GOODYEAR TIRE & RUBBER COMPANY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER ACCIDENTS, BRIEF IN SUPPORT, AND REQUEST FOR ORAL ARGUMENT**.

                                                */s/ Barbara Anderson Lewis*
                                                Barbara Anderson Lewis